1

2

3

4

5

6

7

8

9

10

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

BANK OF NEW YORK MELLON,

       Plaintiff,

    v.

FORECLOSURE SALES SERVICES, LLC
and NV FORECLOSURE SERVICES, LLC,

       Defendants.

Case No. 2:15-cv-02087-APG-GWF

**ORDER (1) GRANTING MOTION TO
SET ASIDE DEFAULT JUDGMENT,
(2) GRANTING MOTION TO
INTERVENE, AND (3) ORDERING
THE PARTIES TO SHOW CAUSE
WHY THIS CASE SHOULD NOT BE
DISMISSED FOR LACK OF SUBJECT
MATTER JURISDICTION**

(ECF Nos. 32, 33)

11      Plaintiff Bank of New York Mellon (BONY) filed this suit against defendants Foreclosure

12 Sales Services, LLC (FSS) and NV Foreclosure Services, LLC to quiet title in property located at

13 628 Bay Bridge Drive in North Las Vegas. ECF No. 1.  I dismissed defendant NV Foreclosure

14 Services without prejudice after BONY failed to provide proof of service. ECF No. 17.  BONY

15 obtained a default judgment against FSS. ECF No. 27.

16      Nevada New Builds LLC moves to intervene in this action and to set aside the default

17 judgment. ECF Nos. 32, 33.  New Builds argues it owned the real property at the time BONY

18 obtained its default judgment against FSS.  New Builds contends BONY was aware of that fact at

19 the time it sought the default judgment but did not inform the court of that information.  New

20 Builds argues that allowing the default judgment to stand would deprive it of its interest in the

21 property without due process.  New Builds thus requests leave to intervene and for the default

22 judgment to be set aside.

23      BONY opposes, arguing Nevada law precludes New Builds from intervening after default

24 judgment has been entered.  BONY also argues the motion to intervene is untimely because New

25 Builds had reason to know its interests might be adversely affected by the outcome of this

26 litigation as soon as it bought the property yet it did not seek to intervene until after default

27 judgment was entered.  BONY also argues the motion to intervene is procedurally improper

28

because it does not set forth the claim or defense for which intervention is sought.  As to the motion to set aside, BONY argues there was no fraud on the court to support setting aside the default judgment.

I set aside the default judgment and grant the motion to intervene.  I also direct the parties to show cause why this case should not be dismissed for lack of subject matter jurisdiction.

## I. BACKGROUND

The property was purchased in 2005 by Alberto Cervantes. ECF No. 34-1.  Cervantes borrowed $212,000.00 from WMC Mortgage Corp., and the note was secured by a deed of trust encumbering the property. ECF No. 34-2.  WMC assigned the deed of trust to BONY in 2011. ECF No. 34-3.

In May 2010, the homeowners' association (HOA) recorded a notice of delinquent assessment after Cervantes failed to pay his HOA dues. ECF No. 34-4.  The HOA foreclosed on its lien and FSS and NV Foreclosure Services bought the property at the September 2012 HOA foreclosure sale. ECF Nos. 34-5; 34-6; 34-7.

On October 30, 2015, BONY filed this lawsuit against FSS and NV Foreclosure Services seeking to quiet title in the property. ECF No. 1.  On November 6, 2015, BONY recorded a notice of *lis pendens* advising of the pendency of this action. ECF No. 34-9.

In December 2015, FSS and NV Foreclosure Services quitclaimed their joint interest in the property to FSS. ECF No. 34-8.  On January 15, 2016, FSS quitclaimed its interest in the property to New Builds. ECF No. 32-2 at 3-6.  The quitclaim deed was recorded on June 14, 2016. ECF No. 32-2 at 2-3.

FSS did not answer or otherwise respond to the complaint so BONY moved for entry of default. ECF No. 18.  The clerk of court entered default on April 26, 2016. ECF No. 20.

In July 2016, prior to BONY moving for a default judgment, New Builds' counsel contacted BONY's counsel. ECF No. 32-3.  The parties exchanged emails in which New Builds provided the quitclaim deed showing New Builds owned the property and explored with BONY the possibility of setting aside the default or settling the matter. ECF Nos. 32-3 at 2-4; 32-4 at 2-4;

1    32-5 at 2-5.  New Builds' counsel requested that BONY not take any action against FSS, "such as

2    seeking a Default Judgment without letting me know in advance," while the parties discussed

3    settlement. ECF Nos. 32-4 at 4; 32-5 at 2.

4        BONY nevertheless sought and obtained a default judgment against FSS in August 2016

5    without telling New Builds. ECF Nos. 25, 26.  In doing so, BONY did not advise this court that

6    FSS had quitclaimed its interest in the property to New Builds. *See* ECF No. 25.

7        Settlement talks failed in early September 2016. ECF No. 32-6 at 3-4.  New Builds then

8    requested BONY stipulate to substitute New Builds into the case. *Id.* at 3.  BONY declined to

9    stipulate to the substitution. *Id.* at 2.  Throughout these communications, BONY's counsel did not

10   inform New Builds' counsel that BONY had obtained a default judgment against FSS. ECF No.

11   32-7 at 4.  Upon discovering the default judgment, New Builds moved to intervene and to set

12   aside the default.

13   **II.  ANALYSIS**

14       **A.  Motion to Set Aside**

15       BONY contends I must first decide whether to allow New Builds to intervene before I

16   decide whether to set aside the default judgment against FSS, but I disagree.  Under Rule

17   60(d)(3), a court has the authority to "set aside a judgment for fraud on the court."  That portion

18   of the rule is not dependent on a motion from a party.  Moreover, courts have inherent equitable

19   power to vacate a judgment obtained by fraud. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991).

20   This includes "the power to conduct an independent investigation in order to determine whether it

21   has been the victim of fraud." *Id.*  The court's inherent power should be exercised "with restraint

22   and discretion." *Id.*  Additionally, courts should exercise that power "only when the fraud is

23   established by clear and convincing evidence." *United States v. Estate of Stonehill*, 660 F.3d 415,

24   443 (9th Cir. 2011) (quotation omitted).

25       Fraud on the court "embrace[s] only that species of fraud which does or attempts to, defile

26   the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery can

27   not perform in the usual manner its impartial task of adjudging cases that are presented for

28

adjudication." *Id.* at 444.  There must be "more than perjury or nondisclosure of evidence, unless that perjury or nondisclosure was so fundamental that it undermined the workings of the adversary process itself." *Id.* at 445.  "Most fraud on the court cases involve a scheme by one party to hide a key fact from the court and the opposing party." *Id.*  The focus is not on prejudice to the party claiming fraud on the court but on whether the other party "harm[ed] the integrity of the judicial process." *Id.* (quotation omitted).

Non-disclosure alone usually does not constitute fraud on the court. *In re Levander*, 180 F.3d 1114, 1119-20 (9th Cir. 1999).  That is because typically the other party has "the opportunity to challenge the alleged . . . non-disclosure" and have the court rule on the issue. *Id.*  But where the non-disclosure "was not—and could not have been—an issue" before the court because neither the opposing party nor the court was aware of the omitted facts, and the court relies on the incomplete or erroneous information provided, there may be fraud on the court. *Id.*

Here, as in *Levander*, the court was not apprised of critical facts and relied on BONY's incomplete recitation of the facts to enter the default judgment.  Before BONY filed the motion for default judgment, it knew that FSS was no longer the owner of the property.  But it did not advise the court of this fact.  Instead, it ended its explanation of the chain of title with NV Foreclosure Services and FSS quitclaiming their joint interest to FSS. ECF No. 25-11.  This left the court with the impression that FSS was the party that claimed an interest through the HOA sale.  That was incorrect and BONY knew it.  Because the only remaining defendant had defaulted, there was no one to challenge BONY's presentation of the evidence.

By failing to advise the court of important facts about a party claiming to own the property who was not before the court, BONY obtained a default judgment that I would not have otherwise entered.  Had I known about New Builds' claim to the property, I would not have entered the default judgment as written and I would have required BONY to join New Builds if feasible. Fed. R. Civ. P. 19, 21.

1   There is clear and convincing evidence of BONY's conduct.  BONY does not dispute that

2   before it moved for the default judgment, it knew New Builds claimed to be the property owner

3   and it did not advise the court of this fact.

4   "As a general rule, default judgments are disfavored; cases should be decided upon their

5   merits whenever reasonably possible."  *See Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183,

6   1189 (9th Cir. 2009).  Further, "where there are several defendants, the transgressions of one

7   defaulting party should not ordinarily lead to the entry of a final judgment, let alone a judgment

8   fatal to the interests of other parties." *Id.*  In light of these considerations and given the

9   circumstances, enforcing the default judgment would be "manifestly unconscionable." *Estate of*

10  *Stonehill*, 660 F.3d at 444 (quotation omitted).  The default judgment therefore must be set aside

11  as a fraud on the court.

12  **B.  Motion to Intervene**

13  BONY argues that in deciding whether to allow New Builds to intervene, I should apply

14  Nevada substantive law, rather than federal procedural law, because Nevada law would not

15  permit New Builds to intervene post-judgment.  I need not resolve this issue because now that I

16  have set aside the default judgment, the case is no longer post-judgment.  BONY does not

17  identify any other potential substantive difference between federal and state law that would

18  support applying Nevada intervention law.  I therefore apply Federal Rule of Civil Procedure 24.

19  In the absence of a federal statute conferring an unconditional right to intervene, a motion

20  to intervene as of right is governed by Rule 24(a)(2).  A motion to intervene under Rule 24(a)(2)

21  is proper when: (1) it is timely; (2) the party seeking to intervene claims an interest related to the

22  property or transaction that is the subject of the case; (3) the disposition of the case may impair or

23  impede the intervenor's ability to protect its interest; and (4) the existing parties do not adequately

24  represent the intervenor's interest.  "Generally, Rule 24(a)(2) is construed broadly in favor of

25  proposed intervenors" and the inquiry is "guided primarily by practical considerations." *U.S. ex*

26  *rel. McGough v. Covington Techs. Co.*, 967 F.2d 1391, 1394 (9th Cir. 1992) (quotation omitted).

27  / / / /

28

1

*1. The Motion is Not Procedurally Defective*

2

BONY argues the motion to intervene was procedurally defective because New Builds did

3

not attach a proposed pleading.  New Builds since has filed a proposed pleading, so that defect

4

has been cured.  *See* ECF No. 37.  Moreover, "the failure to comply with the Rule 24(c)

5

requirement for a pleading is a purely technical defect which does not result in the disregard of

6

any substantial right." *Westchester Fire Ins. Co.*, 585 F.3d at 1188 (quotation omitted).  I can

7

approve an intervention motion without a pleading so long as "the court was otherwise apprised

8

of the grounds for the motion." *Id.* (quotation omitted).  The motion to intervene makes clear that

9

New Builds asserts it is the owner of the property through FSS and the HOA sale.  The motion

10

therefore is not procedurally defective.

11

*2. The Motion is Timely*

12

"Timeliness is to be determined from all the circumstances." *NAACP v. New York*, 413

13

U.S. 345, 366 (1973).  To determine timeliness, I consider: "(1) the stage of the proceeding at

14

which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason and

15

length of the delay." *Orange Cnty. v. Air California*, 799 F.2d 535, 537 (9th Cir. 1986).

16

In terms of the stage of the proceedings, no substantial proceedings took place.  BONY

17

failed to serve one defendant and obtained an uncontested default judgment as to the other, which

18

I have now set aside.

19

New Builds would be substantially prejudiced if intervention is denied because it obtained

20

its interest in the property from FSS.  Any judgment BONY obtains against FSS may impair New

21

Builds' interest in the property without New Builds ever having participated in the litigation.

22

BONY, in contrast, would not be prejudiced and the delay in resolving this matter is

23

partially of its own making.  Intervention would not be disruptive to this litigation, which has not

24

been resolved on the merits and the default judgment has now been set aside.  New Builds'

25

intervention is the same now as it would have been had it intervened earlier or had BONY joined

26

it as a necessary party under Rule 19 once BONY learned that New Builds claimed to own the

27

property.  Although BONY complains its ability to foreclose on its interest has been delayed,

28

BONY has taken no steps to foreclose. ECF No. 38-1.  Moreover, had BONY sought to join New Builds or even advised this court that New Builds claimed to own the property when BONY moved for default judgment, this litigation could have proceeded with New Builds' participation months ago. *See* Fed. R. Civ. P. 19, 21.  The only other prejudice BONY asserts is that it will have to incur carrying costs.  However, BONY presents no evidence that it is paying carrying costs on the property.  New Builds asserts (also without supporting evidence) that it is paying the taxes and for improvements on the property. *See* ECF No. 38 at 7-8.  Even if BONY is incurring carrying costs, it would have had to do so if New Builds had intervened earlier or BONY had joined New Builds.

In considering the length and reason for the delay, the parties were engaged in talks about possible settlement without the need for New Builds to intervene.  They also discussed whether New Builds should be substituted or intervene in the action.  Perhaps New Builds should have filed a precautionary motion to intervene despite the parties' discussions, but New Builds was attempting to conserve the parties' resources while they discussed resolution.

New Builds offers no explanation for why it did not intervene in this action between the time it bought the property in January and when it first reached out to BONY in July.  It bought the property with notice of this case because BONY recorded a *lis pendens* before New Builds acquired the property.  New Builds' failure to move to intervene or to reach out to BONY until six months later weighs against allowing intervention.

"Although delay can strongly weigh against intervention, the mere lapse of time, without more, is not necessarily a bar to intervention." *United States v. Alisal Water Corp.*, 370 F.3d 915, 921 (9th Cir. 2004).  Several factors lead me to conclude New Builds' motion is timely even in the face of this delay.  As discussed above, there have been no proceedings on the merits, there is no prejudice to BONY to allow intervention, and there is substantial prejudice to New Builds if intervention is denied.  Additionally, there is a strong policy preference for deciding cases on the merits. *Westchester Fire Ins. Co*, 585 F.3d at 1189.  Considering all the circumstances, New Builds' motion to intervene is timely.

*3.  The Remaining Factors Support Intervention*

New Builds claims ownership of the property via quitclaim deed from FSS.  Denying intervention would impair or impede New Builds' interests because a judgment quieting title in BONY's favor as to FSS may impair New Builds' claim to the property.  Finally, FSS did not and would not adequately represent New Builds' interest.  FSS no longer owns the property and thus has little incentive to participate in this litigation.  I therefore grant New Builds' motion to intervene.

*4.  Sanctions*

New Builds requests sanctions under the court's inherent power.  BONY responds that New Builds should have followed Rule 11's safe harbor provisions if it wanted sanctions.  BONY's misconduct has been addressed through setting aside the default judgment.  I decline to award any further sanctions at this time.

**C.  Jurisdiction**

The complaint invokes this court's diversity jurisdiction. ECF No. 1.  However, the complaint does not allege (even on information and belief) the citizenship of either NV Foreclosure Services or FSS. *Id.*; *see also Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (stating that "an LLC is a citizen of every state of which its owners/members are citizens").  Similarly, New Builds does not allege its own citizenship. *See* ECF No. 37.  It is therefore unclear whether I have jurisdiction over this case.  But I have jurisdiction to determine whether jurisdiction exists. *United States v. Moreno-Morillo*, 334 F.3d 819, 830 (9th Cir. 2003).  Accordingly, I direct the parties to show cause why, after the judgment is set aside, this case should not be dismissed for lack of subject matter jurisdiction.

**III.  CONCLUSION**

IT IS THEREFORE ORDERED that intervenor New Builds, LLC's motion to set aside the default judgment **(ECF No. 33) is GRANTED**.

IT IS FURTHER ORDERED that the order granting the default judgment **(ECF No. 26)** and the default judgment **(ECF No. 27) are VACATED**.

1        IT IS FURTHER ORDERED that intervenor New Builds LLC's motion to intervene

2  **(ECF No. 32) is GRANTED**.

3        IT IS FURTHER ORDERED that on or before March 17, 2017, the parties shall show

4  cause in writing why this action should not be dismissed for lack of subject matter jurisdiction.

5        DATED this 15th day of February, 2017.

6

7  ANDREW P. GORDON
      UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28